Leonard H. Stone Esq.
Nevada Bar No. 5791
SHOOK & STONE, CHTD.
710 South Fourth Street
Las Vegas, Nevada  89101
Tel:  (702) 385-2220

Adam J. Levitt (admitted *pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois  60602
Tel: (312) 214-0000

Attorneys for Plaintiff
(additional counsel appear on signature block)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

WILLIAM BRIDGE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CREDIT ONE FINANCIAL, A Nevada Corporation d/b/a CREDIT ONE BANK, N.A.,

Defendant.

Case No. 2:14-cv-01512-LDG-NJK

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Dated: February 23, 2015

1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ ii

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND OF THE MOTION ................................................................... 1

III.    ARGUMENT ........................................................................................................ 4

     A.      LEGAL STANDARD ............................................................................... 4

     B.      DEFENDANT'S PROPOSED THIRD PARTY CLAIMS ARE NOT DEPENDENT UPON PLAINTIFF'S ORIGINAL CLAIMS. ......................................................... 5

     C.      PLAINTIFF WILL SUFFER PREJUDICE IF THE MOTION IS GRANTED. .................... 7

     D.      IMPLEADING A HOST OF COMMON LAW CLAIMS AGAINST A THIRD PARTY WILL SIGNIFICANTLY COMPLICATE THE ISSUES FOR TRIAL. ............................... 7

     E.      IMPLEADING A THIRD PARTY WILL RESULT IN SUBSTANTIAL TRIAL DELAY. ...................................................................................................... 8

     F.      DEFENDANT'S MOTION IS UNTIMELY. ................................................. 9

     G.      DEFENDANT'S THIRD-PARTY COMPLAINT FAILS TO STATE A CLAIM UNDER RULE 12. ............................................................................................... 9

          1.      Jurisdiction and Venue .......................................................... 10

          2.      Count I (Indemnity). .............................................................. 11

          3.      Count II (Breach of Contract for Default). ........................... 11

          4.      Count III (Breach of the Covenant of Good Faith and Fair Dealing)... 12

          5.      Count IV (Negligence). .......................................................... 12

          6.      Count V (Fraud). .................................................................... 13

          7.      Count VI (Negligent Misrepresentation). .............................. 13

          8.      Count VII (Declaratory Judgment). ....................................... 14

IV.     CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................... 10, 11

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................... 10, 11

*Cort v. Ash*,
   422 U.S. 66 (1975) ............................................................................................. 6, 7

*Helferich Patent Licensing, LLC v. Legacy Partners, LLC*,
   917 F. Supp. 2d 985 (D. Ariz. 2013) ..................................................................... 9

*Irwin v. Mascott*,
   94 F. Supp. 2d 1052 (N.D. Cal. 2000) ........................................................... 4, 5, 6

*Khalsa v. Hali*,
   No. 5:13-cv-03575-PSG, 2014 WL 3883713 (N.D. Cal. Aug. 6, 2014) .............. 14

*Lehman v. Revolution Portfolio, LLC*,
   166 F.3d 389 (1st Cir. 1999) ................................................................................ 10

*Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*,
   299 F.3d 643 (7th Cir. 2002) ............................................................................... 10

*McSherry v. Capital One FSB*,
   236 F.R.D. 516 (W.D. Wash. 2006) ...................................................................... 6

*Neilson v. Union Bank of Calif. N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................... 13

*Ruggieri v. Hartford Ins. Co. of the Midwest*,
   No. 2:13-cv-00071-GMN-GWF, 2013 WL 2896967 (D. Nev. June 12, 2013) .... 12

*Stewart v. Am. Intl. Oil & Gas Co.*,
   845 F.2d 196 (9th Cir. 1988) ............................................................................. 4, 5

*Sw. Admin., Inc. v. Rozay's Transfer*,
   791 F.2d 769 (9th Cir. 1986) ................................................................................. 4

*TransFresh Corp. v. Ganzerla & Assoc., Inc.*,
   862 F. Supp. 2d 1009 (N.D. Cal. 2012) ............................................................... 13

*U.S. v. Miners Contracting & Support, Inc.*,
   No. 3:13-cv-00203-MMD-VPC, 2014 WL 293438 (D. Nev. Jan. 24, 2014) ........ 10

*Zero Tolerance Ent., Inc. v. Ferguson,*
    254 F.R.D. 123 (C.D. Cal. 2008) ............................................................................. 9

STATUTES

15 U.S.C. § 78u-4(f)(8) ................................................................................................. 6

28 U.S.C. § 1332 ........................................................................................................ 10

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") ............................ 6

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") ...................... passim

OTHER AUTHORITIES

C.A. WRIGHT & A.R. MILLER, 6 FED. PRAC. & PROC. § 1446 ..................................... 4

Fed. R. Civ. P. 9(b) ............................................................................................... 13, 14

Fed. R. Civ. P. 12 ................................................................................................... 9, 11

Fed. R. Civ. P. 14 .................................................................................................. passim

Fed. R. Civ. P. 23 ......................................................................................................... 1

Plaintiff William Bridge ("Plaintiff"), by his undersigned counsel, respectfully submits this memorandum of law in opposition to Defendant Credit One Financial d/b/a Credit One Bank, N.A.'s ("Defendant" or "Credit One") motion for leave to file a third-party complaint against Nancy Bridge (Dkt. No. 30) (the "Motion").

## I.     INTRODUCTION

This is a class action lawsuit brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Through its three recent and nearly simultaneously-filed motions, Defendant has begun to reveal an odious litigation strategy:  obstruct, delay, and intimidate.  After attempting, by its motion for protective order (Dkt. No. 28), to prevent Plaintiff from obtaining virtually any of the discovery necessary for Plaintiff to discharge his burden of showing typicality, commonality, ascertainability, and predominance under Federal Rule of Civil Procedure 23 and, by its motion to stay pursuant to the primary jurisdiction doctrine (Dkt. No. 27), to prevent the litigation from proceeding at all, Defendant now seeks leave to file a third-party complaint against Plaintiff's elderly mother in order to harass and intimidate Plaintiff into withdrawing his complaint.  It is eminently clear that Defendant will do whatever it takes – however misguided and incorrect – to avoid litigating this case on the merits.  Indeed, even a cursory review of the proposed third-party complaint against Plaintiff's mother reveals fatal flaws that go entirely unaddressed in Defendant's Motion and the complaint itself.  For the reasons set forth herein, Defendant's Motion must be denied.

## II.     BACKGROUND OF THE MOTION

The Motion follows, by one week, Defendant's filing of two other, equally meritless motions designed only to frustrate the course of this litigation.  Rightly apprehensive about its chances of obtaining a protective order shielding Defendant from class-related discovery (Dkt. No. 28) or staying the litigation (Dkt. No. 27), Defendant promptly filed the present request to sue Plaintiff's mother for a host of inapplicable causes of action.  As demonstrated herein, however, Defendant has no chance of success on the merits against Nancy Bridge.  Defendant's actual purpose in seeking leave to file its complaint against Ms. Bridge, however, has *nothing* to

1

1   do with its likelihood of success on the merits, and *everything* to do with harassing and

2   intimidating Plaintiff into withdrawing his claims against Defendant.

3          In its proposed third-party complaint, Defendant alleges that if Plaintiff succeeds in the

4   present action, then Plaintiff's mother, Ms. Bridge, would be liable to Defendant for its legal fees

5   in defending against Plaintiff's suit, as well as for the amount of any recovery to which Plaintiff

6   and the other Class members are entitled.  Even putting aside the obvious *non sequiturs* on which

7   Defendant's entire theory relies – that a corporation can avoid its own liability under a federal

8   law with no intent requirement by claiming that it acted in reliance on misinformation allegedly

9   provided by another person (and which was apparently not fact-checked or confirmed in any

10  way), and that any person has a cognizable duty to help a corporation avoid liability under such a

11  federal law – the defects in Defendants' proposed third-party complaint are glaring.

12         *First*, Nancy Bridge is a New York resident with no conceivable relationship to this

13  jurisdiction or venue.  The third-party complaint should be rejected on this ground alone.

14  Moreover, the proposed third-party complaint asserts no federal cause of action and fails to

15  demonstrate that the amount in controversy exceeds $75,000, depriving the suit of subject matter

16  jurisdiction as well.

17         *Second*, the proposed third-party complaint incorporates Plaintiff's complaint by

18  reference (*see* Dkt. No. 30, Exh. A at ¶39).  Plaintiff's complaint alleges that, "*in the Fall of*

19  *2013*, Plaintiff instructed the Credit One representative [on one call received on Plaintiff's

20  cellular phone] that he had no relationship with Credit One, and that Credit One should not

21  contact him on his cellular telephone any more."  Dkt. No. 1 at ¶24 (emphasis added).  Yet

22  Defendant's proposed third-party complaint alleges that it began making collections calls to

23  Plaintiff's cellular phone number "in early 2014," and that "no individual answered a phone call

24  [at Plaintiff's number] until March 18, 2014," at which point Credit One was "directed … not to

25  place any further calls to the number."  Dkt. No. 30, Exh. A at ¶¶27-28.  Thus, by its own

26  admission, prior to the course of events narrated in Defendant's proposed third-party complaint,

27  Defendant had already learned that any purported "consent" to be contacted at Plaintiff's number

28  had been revoked.

*Third*, Defendant does not even attempt to allege or demonstrate how the "consent" it purportedly received from Nancy Bridge to make auto-dialed calls to Plaintiff's cellular phone number on January 18, 2014 satisfies the TCPA's demanding "consent" criteria.  Instead, Defendant merely assumes that, because it inserted in its standard Cardholder Agreement a pliable – and effectively meaningless – provision to the effect that phone numbers from which cardholders make calls to Defendant constitutes consent to be called at such numbers, it has properly secured the consent of the caller to receive auto-dialed calls under the TCPA.  That is demonstrably incorrect.  The TCPA requires "prior express written consent," which has been interpreted to require written consent for specific phone numbers.  Defendant points to *no document evincing such consent* made on behalf of Nancy Bridge, and readily admits that no such document exists.  Thus, Defendant never secured the requisite prior express written consent from Nancy Bridge, at least with respect to Plaintiff's cellular phone number.  More fundamentally, because Nancy Bridge is legally incapable of consenting to receive auto-dialed calls on Plaintiff's cellular phone number, Defendant's entire proposed third-party complaint is a vacuous exercise.

In the very best possible world for Defendant, assuming every fact in its proposed third-party complaint to be true and assuming that every legal obstacle identified above (pertaining to jurisdiction and venue, revocation of consent, and inadequacy of alleged consent) has somehow been neutralized, Defendant may *conceivably* be entitled to recover from Nancy Bridge for any statutory damages owed *to Plaintiff alone* arising out of its auto-dialed calls to Plaintiff's cellular phone number between January 18, 2014 (when it represents it obtained "consent" from Nancy Bridge) and March 18, 2014 (when it represents it was instructed not to make any further calls to Plaintiff's cellular phone number).  Under no circumstances can Defendant seek indemnification or damages from Nancy Bridge for any other violation of the TCPA, regardless of when such violations occurred, and regardless of whether such amounts would be due to Plaintiff or to other Class members.

1

**III.    ARGUMENT**

2

    **A.    Legal Standard**

3

    Defendant's Motion is governed by Rule 14, which requires "the court's leave" prior to

4

filing any third-party complaint after fourteen days have elapsed since the defendant served its

5

answer.  Fed. R. Civ. P. 14(a).  Rule 14 does not dispense with basic requirements of personal

6

jurisdiction, subject matter jurisdiction, or proper venue.  Neither does Rule 14 permit the filing

7

of third-party complaints that are filed in order to intimidate, harass, or retaliate against another

8

party.  The decision whether to permit filing of a third-party complaint is committed to the sound

9

discretion of the trial court.  *Sw. Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir.

10

1986).

11

    The first consideration in any Rule 14(a) analysis is whether the proposed third-party

12

complaint asserts a claim that is "dependent" upon the claims presently before the Court.

13

*Stewart v. Am. Intl. Oil & Gas Co.*, 845 F.2d 196, 199-200 (9th Cir. 1988) (dismissing third-

14

party complaint for failure to show dependence of third-party claims on original claims); *see also*

15

C.A. WRIGHT & A.R. MILLER, 6 FED. PRAC. & PROC. § 1446 (the third-party claim "cannot

16

simply be an independent or related claim but must be based upon plaintiff's claim against

17

defendant.  The crucial characteristic of a Rule 14 claim is that defendant is attempting to

18

transfer to the third-party defendant the liability asserted against him by the original plaintiff.

19

The mere fact that the alleged third-party claim arises from the same transaction or set of facts as

20

the original claim is not enough.").

21

    The purpose of Rule 14 is the promotion of judicial efficiency.  *Id.*  However, courts

22

consider a number of factors in determining whether to grant Rule 14 motions, including: "(a)

23

prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay;

24

and (4) timeliness of the motion to implead."  *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D.

25

Cal. 2000) (citing *Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir.

26

1971), *cert. denied* 405 U.S. 1017 (1972)).  In addition to these factors, courts also consider

27

whether the proposed third-party complaint "allege[s] a cause of action for which relief may be

28

granted," because "[i]t makes no sense to permit such a potentially prejudicial expansion of the

4

case at the expense of [p]laintiffs, if the third-party plaintiffs do not have a valid theory of relief against the third-party defendants." *Id.* at 1057-58.

**B.    Defendant's Proposed Third Party Claims Are Not Dependent Upon Plaintiff's Original Claims.**

The hallmark of a Rule 14(a) claim is that it is completely dependent upon the original claim asserted by the plaintiff in the underlying action. *Stewart*, 845 F.2d at 199-200; *Irwin*, 94 F. Supp. 2d at 1056. Defendant does not even argue that its seven causes of action against Nancy Bridge are dependent upon Plaintiff's claims against Defendant. Rather, Defendant argues that "a part of Ms. Bridge's liability [to Defendant] will turn in large part on the same set of facts that are at issue in Plaintiff's case against Credit One." Def. Br. at 5. That is insufficient to satisfy the demanding Rule 14(a) standard set forth above.

Further, even if Defendant had taken the trouble to research the law and to explain how its request is grounded in controlling legal principles – which, Plaintiff reminds the Court, Defendant clearly did not do – Defendant's entire theory of liability, under any of its seven causes of action, rests on a series of untenable propositions that make granting the Motion an impossibility. Key among these is that Defendant assumes it is entitled to pawn its violations of law off on third parties on the thin premise that it "relied" on information supplied by such third parties (like Nancy Bridge) in conducting its business – apparently without verifying, confirming, or otherwise fact-checking that information prior to using it to violate the law. But there is simply no defense of reliance on third parties in the TCPA.[1] Nor did Congress see fit to include provisions in the TCPA for contribution or indemnity. Thus, the third-party complaint is not dependent on Plaintiff's claims – even partially.

---

[1] Nor should there be: Defendant has a duty to take steps to ensure its business practices do not violate federal law, regardless of what anyone – including its accountants, its lawyers, its customers, and/or the Chamber of Commerce – tells it to do or not do. As Plaintiff alleged, "Through the TCPA, Congress and the FCC have imposed a simple requirement upon persons making commercial telephone communications: call the telephone number *without auto-dialing equipment* and *without an artificial or prerecorded voice messages,* unless and until the consent of the call recipient to receive auto-dialed or artificial and prerecorded voice calls is secured." Dkt. No. 1 at ¶20 (emphasis in original).

Magistrate Judge Larson of the Northern District of California considered a strikingly similar situation in a case brought under the federal Fair Debt Collection Practices Act ("FDCPA"). *See Irwin*, 94 F. Supp. 2d at 1056. In *Irwin*, the defendant debt collector sought leave, under Rule 14(a), to file a third-party complaint against its counsel, whom it allegedly relied upon in deciding to take certain actions that, according to plaintiff, violated the FDCPA. *Id.* Judge Larson explained that, because the FDCPA has no "intent" element, reliance on third parties, including counsel, is no defense to an FDCPA claim. *Id.* at 1057. Denying the defendant's Rule 14(a) motion, the *Irwin* court explained, "The third-party legal malpractice action would not be dependent on [p]laintiffs' claims against [d]efendants, since good faith reliance on the advice of counsel would not be a defense to liability." *Id.* That case is instructive because, like the FDCPA, the TCPA has no "intent" element – intent is relevant only to determine the extent of damages, in that negligent violations are met with a statutory $500 per incident damages award while knowing or willful violations entitle the plaintiff to up to $1,500 per incident. *See* 47 U.S.C. § 227(b)(3). Accordingly, the *Irwin* court's reasoning holds in this case as well. Because Defendant's intent in calling Plaintiff's cellular phone number is irrelevant to Defendant's TCPA liability, its proposed third-party claims are not dependent upon Plaintiff's claims. Consequently, Rule 14 does not permit the filing of Defendant's proposed third-party complaint.

Furthermore, the TCPA contains no language expressly providing for contribution or indemnity. Congress knows how to create such provisions. *See, e.g.*, 15 U.S.C. § 78u-4(f)(8) (providing for contribution in securities litigation). The fact that Congress declined to do so here suggests, consistent with Supreme Court precedent that it did not intend to extend the benefits of contribution and indemnification to the class of entities sought to be regulated by the statutory scheme. *See, e.g.*, *Cort v. Ash*, 422 U.S. 66, 78 (1975); *see also McSherry v. Capital One FSB*, 236 F.R.D. 516 (W.D. Wash. 2006) (discussing *Cort* factors in analysis of request for contribution or indemnification under federal statute that does not provide such). In addition, Plaintiff, a consumer with no prior or existing business relationship with Defendant, is clearly within the class for whose benefit the TCPA was enacted, and the remedy of contribution or

6

1   indemnification sought by Defendant is just as clearly inconsistent with the TCPA's purpose of

2   restricting the use of invasive and harassing technologies in telemarketing and debt collection.

3   Thus, the *Cort* factors do not support creation of the remedy Defendant demands here.

4          To the extent Defendant contends its request for contribution or indemnification is not in

5   any way founded on the TCPA itself, but on its purported contractual agreement with Nancy

6   Bridge, the outcome of the analysis is unchanged.  Even if the Cardholder Agreement alleged by

7   Defendant to constitute an enforceable contract between Defendant and Nancy Bridge were

8   legally binding – which it is not – the indemnification provision cannot fairly be read in the

9   recklessly broad sense suggested by Defendant.  Indeed, that provision refers to "any collection

10  costs and attorneys' fees, including our in-house attorneys' costs, that Credit One Bank incurs as

11  a result of your default."  *See* Dkt. No. 30, Exh. A to Exh. A at ¶20.  The costs of this litigation,

12  including Holland & Hart LLP's fees and any judgment Plaintiff secures individually or on

13  behalf of the other Class members, are not "collection costs."  Thus, this provision, on its very

14  face, does nothing for Defendant but lend it false security.

15          **C.     Plaintiff Will Suffer Prejudice If The Motion Is Granted.**

16         Defendant's Motion is a transparent intimidation tactic that is, on its merits, factually and

17  legally baseless.  This is a concrete form of prejudice that has no legitimate place in federal

18  litigation.  However, prejudice in the Rule 14 context concerns the propensity of the Motion to

19  derail the progress of the litigation.  Such propensity clearly exists here.

20          **D.     Impleading A Host Of Common Law Claims Against A Third Party Will
                    Significantly Complicate The Issues For Trial.**

21

22         The causes of action to be tried in this matter are limited to two violations of the TCPA

23  (for negligent and knowing or willful violations) and one violation of the Nevada Deceptive

24  Trade Practices Act's prohibition on unlawful activity.  All such causes of action pertain

25  exclusively to Defendant's business practices in contacting purported debtors.  Once a class is

26  certified, trial of this matter on Defendant's liability will be brief, simple, and uncomplicated.

27         By contrast, Defendant's proposed third-party complaint asserts the following causes of

28  action against Nancy Bridge: (1) indemnity; (2) breach of contract for default; (3) breach of the

7

covenant of good faith and fair dealing; (4) negligence; (5) fraud; (6) negligent

misrepresentation; (7) declaratory judgment. *See* Dkt. No. 30, Exh. A at ¶¶38-75.  These widely

varying and heavily fact-sensitive causes of action threaten to seriously detract attention from the

core issues to be tried.  In addition, were the case to be expanded in the dramatic fashion that

Defendant demands, the taking of evidence regarding the elements of each of these seven claims

would be required.  Litigant and judicial resources would be consumed at a rate much higher

under Defendant's proposed third-party complaint than under the action as it presently stands.

Rather than enhance it, therefore, impleading these causes of action will undermine judicial

efficiency.  This suffices to deny Defendant's Motion on the grounds that it frustrates Rule 14's

very purpose.

### E.       Impleading A Third Party Will Result In Substantial Trial Delay.

The Court has already bifurcated discovery into class- and merits-based phases, and has

already established a discovery and briefing schedule concerning Plaintiff's class certification

motion.  *See* Dkt. No. 24 ("Scheduling Order").  Injecting into this case seven new common-law

theories of liability against a third party is a recipe for disaster in terms of progress, and will

certainly produce a substantial delay in trying this matter.

As noted above, in section III.D, allowing impleader of seven causes of action only

tenuously and circuitously related to the two statutory claims presently in issue will require a

significant amount of additional discovery.  Beyond the additional discovery, however, the

claims themselves also require resolution of significant legal and factual questions not presently

before the Court in any manner, such as, among other things, the enforceability and the scope of

Defendant's purported indemnification clause in its Cardholder Agreement (Count I –

Indemnification), Nancy Bridge's intent in allegedly making a phone call from Plaintiff's phone

(Count V – Fraud; Count VI – Negligent Misrepresentation), and the circumstances behind

Nancy Bridge's alleged failure to pay a credit card bill (Count II – Breach of Contract for

Default).  When a trial eventually occurs, it will be, in essence, the trial of a case entirely

different than the one presently before the Court.  Certainly, the parties will not be prepared to

try that new case any time soon.  The substantial delay imposed by the proposed third-party complaint suffices to deny Defendant's Motion.

Further, it bears noting that Defendant's proposed third-party complaint would, if permitted to be filed, render void this Court's order bifurcating discovery.  This fact also suffices to deny the Motion, which should be granted *only if* it facilitates and enhances judicial economy and efficiency, rather than destroy it.

**F.    Defendant's Motion Is Untimely.**

Defendant has been anything but diligent in preparing its Motion.  Roughly three weeks after Plaintiff filed his complaint (September 17, 2014), Defendant contacted Plaintiff, under the guise of settlement negotiations, to instruct Plaintiff that Defendant's violation of the TCPA in calling Plaintiff's cellular phone number was allegedly a result of Nancy Bridge's provision of prior express written consent to be called at that number.  Thus, since at least October 7, 2014, Defendant understood (incorrectly) that Nancy Bridge was, according to the flawed theories presented in the proposed third-party complaint, partly liable for its unlawful behavior.  And yet Defendant waited approximately ***120 days*** to seek leave to file its proposed third-party complaint – *after* the Court had bifurcated discovery, *after* the Court had set a schedule for discovery and briefing of Plaintiff's class certification motion, *after* the parties had begun conducting discovery on Plaintiff's claims.  This inexcusable delay renders the Motion untimely.  *See, e.g.*, *Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 989 (D. Ariz. 2013) (finding delay of "more than five months" sufficient to deny Rule 14(a) motion as untimely); *Zero Tolerance Ent., Inc. v. Ferguson*, 254 F.R.D. 123, 128 (C.D. Cal. 2008) (finding delay of "over three months" sufficient to deny Rule 14(a) motion as untimely).

**G.    Defendant's Third-Party Complaint Fails To State A Claim Under Rule 12.**

Defendant's proposed third-party complaint would, if filed, be subject to dismissal for lack of personal jurisdiction as to third-party defendant Nancy Bridge, a New York resident with no connection to Nevada whatsoever, as well as improper venue for the same reason, and lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000.  Further, each cause of action Defendant seeks to assert in its proposed third-party complaint fails to state

9

1   a claim.  All causes of action in Defendant's proposed third-party complaint are subject to the

2   plausibility pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

3   and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *See U.S. v. Miners Contracting & Support, Inc.*, No.

4   3:13-cv-00203-MMD-VPC, 2014 WL 293438, at *1 (D. Nev. Jan. 24, 2014).  As explained

5   below, none of the causes of action alleged therein satisfies that standard.

6            1.    <u>Jurisdiction and Venue.</u>

7            It is well-established that third-party complaints must independently satisfy jurisdictional

8   and venue requirements.  *See, e.g.*, *Marseilles Hydro Power, LLC v. Marseilles Land & Water*

9   *Co.*, 299 F.3d 643, 650 (7th Cir. 2002) (finding that proposed third-party complaints must not

10  "contravene customary jurisdictional and venue requirements"); *Lehman v. Revolution Portfolio,*

11  *LLC*, 166 F.3d 389, 395 (1st Cir. 1999) (same).  Defendant's complaint against Nancy Bridge

12  fails to establish personal jurisdiction, proper venue, and subject matter jurisdiction.  It is

13  uncontested that Nancy Bridge is a citizen of New York.  *See* Dkt. No. 30, Exh. A at ¶11.

14  Tellingly, Defendant makes no assertion as to this Court's personal jurisdiction over Nancy

15  Bridge.   Defendant thus concedes that this Court lacks personal jurisdiction over Nancy Bridge.

16            Defendant's venue allegations are similarly faulty.  Defendant claims, incorrectly, that

17  venue is proper because Nancy Bridge "failed to make required payments to Credit One in this

18  jurisdiction, potentially provided faulty information to Credit One within this jurisdiction, and

19  Mr. Bridge [*i.e.*, Plaintiff] brought his action against Credit One within this jurisdiction, which

20  has caused harm to Credit One in this jurisdiction."  *Id.* at ¶12.  None of the foregoing, even if

21  true, would suffice to establish either jurisdiction or venue.  All of these allegations are veiled

22  ways of stating that Defendant is a Nevada corporation headquartered in this judicial district, and

23  point to no fact suggesting that Nancy Bridge has ever even visited this district or this state.

24            With respect to subject matter jurisdiction, Defendant claims that this Court has diversity

25  jurisdiction.  *Id.* at ¶9.  Diversity jurisdiction requires that at least $75,000, excluding costs of

26  suit and interest, be in controversy.  28 U.S.C. § 1332.  As explained above, in the very best

27  possible world for Defendant, Defendant may conceivably be entitled to seek from Nancy Bridge

28  recovery of statutory damages owed by Defendant to Plaintiff for unlawful calls placed between

January 18, 2014 and March 18, 2014.  There is no indication that in those two months,
Defendant made 150 or more unlawful calls to Plaintiff, which is the threshold number of calls
necessary to establish the $75,000 amount in controversy.   Accordingly, Defendant fails to
establish diversity jurisdiction.

2.    Count I (Indemnity).

Count I for indemnification fails to satisfy the plausibility pleading standard of *Iqbal* and
*Twombly*.  Although Defendant purports to attach as an exhibit to its proposed third-party
complaint a copy of the operative contract containing an indemnification provision, this is not
the case.  Defendant alleges that Nancy Bridge consented to receive auto-dialed calls from
Defendant when she applied for credit in October 2012. *See* Dkt. No. 30, Exh. A at ¶2.
However, the Cardholder Agreement that contains the alleged indemnification language is dated
2014. *See* Dkt. No. 30, Exh. A to Exh. A at 7 ("© 2014 Credit One Bank, N.A.").  Because
Defendant has failed to supply any plausible contractual basis for its alleged indemnification
claim, Defendant's allegations rest on its own *ipse dixit* and fail to pass muster under the
plausibility standard.

3.    Count II (Breach of Contract for Default).

Count II for breach of contract fails for the same reason.  Defendant once again relies on
its conclusory assertion that Nancy Bridge agreed to "pay all collection costs and any attorneys'
fees that Credit One incurred as a result of her default," Dkt. No. 30, Exh. A at ¶50, as the basis
for its contract claim.  Yet Defendant fails to append the contract on which it relies.
Accordingly, this claim fails to meet the plausibility standard and would be dismissed under a
Rule 12(b)(6) analysis.

In addition, Defendant's allegation that "Ms. Bridge's default is the proximate cause of
Mr. Bridge's suit against Credit One," *id.* at ¶51, is as barebones an allegation as this Court is
likely ever to see.  Defendant provides no supporting allegations tending to demonstrate that it
would plausibly be entitled to relief under some identifiable set of facts that it intends to prove.
Defendant's bare-bones pleading dressed merely in legal conclusions ("proximate cause") should
be rejected.

1

             4.       Count III (Breach of the Covenant of Good Faith and Fair Dealing).

2          Count III for breach of the covenant of good faith and fair dealing fails on its face.  In

3 addition to failing for the same reason Counts I and II fail (Defendant's failure to include the

4 contract at issue), this cause of action requires allegations that "the terms of the contract are

5 literally complied with but one party to the contract ***deliberately*** countervenes the intention and

6 spirit of the contract."  *Ruggieri v. Hartford Ins. Co. of the Midwest*, No. 2:13-cv-00071-GMN-

7 GWF, 2013 WL 2896967, at *3 (D. Nev. June 12, 2013) (quotation omitted) (emphasis added).

8 Defendant makes no allegations about Nancy Bridge's intentions in allegedly providing

9 misinformation about her contact information to Defendant.  Thus, this cause of action fails to

10 state a claim.

11

             5.       Count IV (Negligence).

12          Count IV for negligence similarly fails.  Defendant invents a "duty to not provide

13 misleading information" as the basis for this claim.  Dkt. No. 30, Exh. A at ¶58.  Even if such a

14 duty were assumed by Nancy Bridge – and there is no allegation in the proposed third-party

15 complaint demonstrating that it was – it is beyond reason to suggest that Nancy Bridge's alleged

16 provision of Plaintiff's phone number to Defendant is "the actual and proximate cause of

17 [Plaintiff's] lawsuit against Credit One," *id.* at ¶60, because Defendant has only to examine its

18 own collection calling practices to isolate the actual and the only proximate cause of Defendant's

19 unlawful activities and by extension the present litigation.  Whatever Nancy Bridge may or may

20 not have told Defendant in early 2014 has absolutely no bearing on Defendant's subsequent

21 decisions.  Moreover, Defendant presumably has in place a mechanism for verifying the

22 accuracy of information provided by third parties, such as cardholders, prior to engaging in

23 conduct that may, if that information remains unverified, constitute a violation of federal law and

24 give rise to substantial liability.  If Defendant has no such procedures in place, that is simply

25 Defendant's own shortcoming, and Defendant has no basis for pointing the finger at anyone but

26 itself.

27

28

1          6.      Count V (Fraud).

2          Count V for fraud is subject to the heightened pleading standard of Rule 9(b), and does

3   not even come close to satisfying that Rule's particularity requirement.  *See, e.g.*, *TransFresh*

4   *Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009 (N.D. Cal. 2012).  Pleading fraud with

5   particularity requires a showing of the "who, what, when, where, and how" of the alleged fraud.

6   *Id.* at 1017.  As noted, Defendant fails to append to its proposed third-party complaint the

7   document(s) forming the basis of its allegations that Nancy Bridge consented to receive any calls

8   at any number (including Plaintiff's cellular telephone number).  That failure alone demonstrates

9   that Count V fails.  But the speculative leaps Defendant must make to create the impression that

10  it is pleading fraud with particularity are worth examining.  To take one example, Defendant

11  alleges, without any supporting or accompanying detail, that "Ms. Bridge knew or should have

12  known that Credit One would use [Plaintiff's] phone number to contact her in the future and,

13  thus, she intended Credit One to act on this information."  Dkt. No. 30, Exh. A at ¶65.  Although

14  the allegation follows ordinary grammatical and syntactical rules, it is completely bereft of sense:

15  according to Defendant, if Nancy Bridge called Defendant using Plaintiff's phone (which she did

16  not), she must have intended for Defendant to put the phone number associated with that phone

17  in its dialing system and to begin making harassing auto-dialed calls to it, with no human

18  intervention to confirm that the number does, in fact, lead to contact with Nancy Bridge – *despite*

19  *the fact that a federal law prohibits exactly this practice*.  Of course, placing a phone call (from

20  any phone or device), alone and in itself, says nothing about anyone's intentions, except perhaps

21  about the intention to place a call.  Defendant's assertion to the contrary is devoid of foundation

22  in both law and logic.

23          7.      Count VI (Negligent Misrepresentation).

24          Count VI for negligent misrepresentation also fails.  Negligent misrepresentation claims

25  sound in fraud and thus are subject to Rule 9(b)'s particularity requirement.  *See, e.g.*, *Neilson v.*

26  *Union Bank of Calif. N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (noting it is "well-

27  established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must

28  meet Rule 9(b)'s particularity requirements.").  Negligent misrepresentation also requires not

1  only a deceptive statement but also an "intent to induce another's reliance." *Id.*  For the reasons

2  already stated with respect to Count V for fraud, Defendant's Count VI for negligent

3  misrepresentation fails.

4          8.     Count VII (Declaratory Judgment).

5          Count VII for declaratory judgment, finally, fails disastrously.   First, Defendant provides

6  no basis for its request for declaratory relief – no statutory authority, for example.  Second, and

7  more importantly, the purported "declaratory judgment" Defendant seeks is a statement of Nancy

8  Bridge's liability for money owed to Defendant based exclusively on alleged past tortious acts.

9  However, this is not an appropriate form of declaratory relief because it is purely retrospective.

10  *See, e.g.*, *Khalsa v. Hali*, No. 5:13-cv-03575-PSG, 2014 WL 3883713, at *2 (N.D. Cal. Aug. 6,

11  2014) ("no basis for declaratory relief exists where only past wrongs are involved").

12  Accordingly, Defendant cannot seek declaratory relief and Count VII fails.

13  **IV.**    **CONCLUSION**

14          For all of the foregoing reasons, Defendant's Motion should be denied in its entirety.

15  Dated:  February 23, 2015

16      By: /s/ Adam J. Levitt
    Adam J. Levitt (admitted *pro hac vice*)

17      **GRANT & EISENHOFER P.A.**
    30 North LaSalle Street, Suite 1200
    Chicago, Illinois  60602

18      Tel: (312) 214-0000

19      Diane T. Zilka (admitted *pro hac vice*)
    Kyle J. McGee (admitted *pro hac vice*)

20      **GRANT & EISENHOFER P.A.**
    123 Justison Street

21      Wilmington, Delaware  19801
    Tel: (302) 622-7000

22

23      Leonard H. Stone (Bar No. 5791)
    **SHOOK & STONE CHTD.**

24      710 South Fourth Street
    Las Vegas, Nevada  89101

25      Tel: (702) 385-2220

26      *Counsel for Plaintiff and the Proposed Class*

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on February 23, 2015, I caused the foregoing document and all

3

accompanying documents to be filed on the Court's CM/ECF filing system, which notified all

4

counsel of record of such filing.

5

6

Dated:  February 23, 2015

By: /s/ Adam J. Levitt

7

Adam J. Levitt

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28