UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM BRIDGE, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> CREDIT ONE FINANCIAL, ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:14-cv-01512-LDG-NJK <br><br> ORDER <br><br> (Docket No. 59) |

Pending before the Court Defendant's motion for leave to file under seal. Docket No. 59. For the reasons discussed more fully below, the motion for leave to file under seal is hereby **DENIED** without prejudice.

I.   **STANDARDS**

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)); *see also Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 678 (9th Cir. 2010). A party seeking to file documents under seal bears the burden of overcoming that presumption. *See, e.g.*, *Foltz*, 331 F.3d at 1130. To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Id.* at 1137; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

1  **II.   ANALYSIS**

2      The pending motion for leave to file under seal argues that Exhibit 2 to Defendant's motion
3  to quash should be sealed because it contains proprietary and other confidential business information
4  of Defendant and non-parties. Docket No. 59 at 1-2. As an initial matter, the Court rejects the
5  contention that designation of information as confidential pursuant to the stipulated protective order
6  necessarily renders a document sealable. The Court has approved the parties' stipulated blanket
7  protective order to facilitate discovery exchanges. But there has been no showing, and the Court has
8  not found, that any specific documents are secret or confidential. Defendant has not provided
9  specific facts supported by declarations or concrete examples to establish that a protective order is
10 required to protect any specific trade secret or other confidential information pursuant to Rule 26(c)
11 or that disclosure would cause an identifiable and significant harm. Thus, Defendant did not make
12 a sufficient good cause showing for sealing the entire deposition of witness Gary Harwood, and,
13 furthermore, failed to mention why redaction is not possible. *See, e.g.*, *Beckman Indus., Inc. v. Int'l*
14 *Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (explaining that stipulated blanket protective orders do
15 not include a finding of "good cause," and rejecting argument for secrecy where no specific prejudice
16 or harm was shown); *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425
17 (9th Cir. 2011) (where cause exists to shield discovery material from third-party disclosure, "a court
18 must still consider whether redacting portions of the discovery material will nevertheless allow
19 disclosure").

20 **III.   CONCLUSION**

21     For the reasons outlined above, the motion for leave to file under seal is hereby **DENIED**
22 without prejudice.

23     IT IS SO ORDERED.

24     DATED: March 31, 2015

27                                    NANCY J. KOPPE
28                                    United States Magistrate Judge