UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM BRIDGE, </br></br>                    Plaintiff(s), </br></br> vs. </br></br> CREDIT ONE FINANCIAL, </br></br>                    Defendant(s). | Case No. 2:14-cv-01512-LDG-NJK </br></br> ORDER </br></br> (Docket Nos. 67, 68) |

Pending before the Court is Defendant's motion to substitute. Docket No. 67. Defendant seeks to substitute a revised Exhibit 2 to its motion to quash subpoena and for protective order. To date, no response has been filed opposing the motion. *See* Docket. Thus, the motion may be granted as unopposed. *See* Local Rule 7-2(d). The Court has also reviewed the motion and finds good cause to grant it. Accordingly, Defendant's motion to substitute (Docket No. 67) is hereby **GRANTED**.

Also pending before the Court is Defendant's motion to file under seal. Docket No. 68. Defendant seeks to file the revised Exhibit 2 to its motion to quash subpoena and for protective order with redactions. On May 4, 2015, the Court issued an order requiring supplemental briefing to support the sealing request. Docket No. 74. On May 7, 2015, Defendant filed a supplemental brief, stating that it agreed to withdraw its proposed redactions to page 135 of the deposition of Gary Harwood. Docket No. 77, at 1.

. . .

. . .

1       The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must make a "particularized showing" of "good cause." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)); *see also Pintos v. Pac. Creditors Assoc.*, 605 F.3d 665, 678 (9th Cir. 2010). A party seeking to file documents under seal bears the burden of overcoming that presumption. *See, e.g., Foltz*, 331 F.3d at 1130.

      Defendant represents that it is seeking "to protect the confidential business information of itself and third parties to this litigation, including certain of these entities' business practices, collection practices, regulatory compliance, the tools and equipment these entities use, and their proprietary business procedures." Docket No. 68, at 4. Specifically, Defendant argues that the redactions on pages 128 and 147 of the deposition transcript concern Defendant's business practices that, "if generally known, cardholders could use against Credit One to avoid paying debts." *Id.*, at 3. Thus, Defendant argues that the redactions on pages 128 and 147 of the deposition of Gary Harwood should be kept under seal. The Court finds that good cause exist to seal the redactions on pages 128 and 147 of the deposition of Gary Harwood that outweigh the public's right to access. Accordingly, Defendant's motion to file under seal (Docket No. 68) is hereby **GRANTED**. Defendant is **ORDERED** to file on the public docket a newly redacted version of Exhibit 2 with redactions only on pages 128 and 147 within 7 days of the issuance of this order.

      IT IS SO ORDERED.

      DATED: May 11, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge