1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

11      WILLIAM BRIDGE,                          )
                                                 )
12                        Plaintiff(s),          )        Case No. 2:14-cv-01512-LDG-NJK
                                                 )
13      vs.                                      )        ORDER
                                                 )
14      CREDIT ONE FINANCIAL,                    )        (Docket Nos. 63, 85, 88)
                                                 )
15                        Defendant(s).          )
        _____       )

16

17          Pending before the Court is Defendant's motion for a protective order.  Docket No. 63.

18      Plaintiff filed an opposition, Defendant filed a reply, and Plaintiff filed a notice of supplemental

19      authority.  Docket Nos. 70, 73, 83.  Also pending before the Court is Plaintiff's motion to compel.

20      Docket No. 88.  The Court finds that the motions are properly resolved without oral argument.  *See*

21      Local Rule 78-2.  For the reasons discussed below, the motions are hereby **DENIED** without

22      prejudice.

23      **I.       BACKGROUND**

24          On March 31, 2015, Defendant filed a motion to quash and a motion for a protective order

25      related to its "confidential information and customer lists sought" in Plaintiff's subpoena served on

26      NCO Financial Systems.  Docket Nos. 58, 63.  The subpoena to non-party NCO Financial Systems,

27      attached to the motion to quash, identifies Pennsylvania as the location for compliance.  Docket No.

28

1  58-1, at 14.  Pursuant to Rule[1] 45(d)(3), this Court lacks jurisdiction to resolve a motion to quash

2  when the place where compliance is required is located in another district.  *See Agincourt Gaming,*

3  *LLC v. Zynga, Inc.*, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014); *see also* Fed. R. Civ. P.

4  45(d)(3)(A)-(B) (a motion to quash or modify a subpoena is directed to "the court for the district

5  where compliance is required").  In its reply, Defendant conceded that "[i]n its haste to address the

6  Subpoena is a timely fashion" it filed the motion in Nevada, even though Pennsylvania is identified

7  as the place of compliance.[2]  Docket No. 73, at 1-2.

8      Defendant refiled the motion to quash in the Eastern District of Pennsylvania and, on May

9  19, 2015, that motion was adjudicated.  *See* Docket No. 83-1.  On June 2, 2015, Plaintiff filed a

10  notice of supplemental authority alerting the Court to Defendant's refiling of the motion to quash

11  in another district.  Docket No. 83.  As such, Defendant's motion to quash in this Court was denied.

12  Docket No. 86.

13      On June 17, 2015, Plaintiff filed a motion to compel Defendant to produce documents

14  responsive to Request Nos. 1(A)-(N) and Request No. 2 to Plaintiff's First Set of Document

15  Requests.   Docket No. 88.   Plaintiff represents that "[t]he same dispute is *sub judice* (*see*

16  Defendant's Motion for a Protective Order (Dkt. #63)), and has already effectively been ruled

17  upon–in Plaintiff's favor–by the United States District Court for the Eastern District of

18  Pennsylvania."  *Id.*, at 6.

19  **II.   ANALYSIS**

20      Parties are required to engage in good faith efforts to resolve discovery disputes.  *See* Local

21  Rule 26-7(b).  "The purpose of [the meet and confer] rules is simple: to lessen the burden on the

22  court and reduce the unnecessary expenditure of resources by litigants, through promotion of

23  informal, extrajudicial resolution of discovery disputes."  *Nevada Power Co. v. Monsanto Co.*, 151

24  F.R.D. 118, 120 (D. Nev. 1993).  To that end, the movant must "personally engage in two-way

26      [1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil
   Procedure.

28      [2] The Court notes that, contrary to its representations, Defendant did not withdraw its motion
   to quash upon filing the same motion in to quash in Pennsylvania.  *See* Docket No. 73, at 2.

communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996). To meet this obligation, a party must meaningfully assess "the relative strengths and weaknesses of its position *in light of all available information*." *Nevada Power*, 151 F.R.D. at 120 (emphasis added). To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shuffle Master*, 170 F.R.D. at 170.

The Court has reviewed the certifications attached to the motions. Docket No. 58-1, Reilly Decl. at ¶¶ 13-21; Docket No. 89, Zilka Decl. at ¶¶ 5-7, 15, 22-23. The certification provided with Plaintiff's motion to compel states that:

> Plaintiff's counsel wrote to Defendant's counsel that in light of the Eastern District of Pennsylvania's Order and findings, the parties ought not burden this Court with yet another motion setting forth identical arguments about relevance to class certification of Credit One's call data, particularly given that the parties have already briefed those same relevance issues on Defendant's motion for a protective order.

Docket No. 89, Zilka Decl. at ¶¶ 22. Written communications between counsel are not sufficient to satisfy the "personal consultation" requirement. *See ShuffleMaster*, 170 F.R.D. at 172 (exchange of letters does not satisfy meet and confer requirements).

Moreover, additional information is now available that was not available at the time the parties conducted a meet and confer for Defendant's motion for a protective order. Most notably, the Eastern District of Pennsylvania adjudicated Defendant's motion to quash on May 19, 2015, and discussed how Defendant's call lists are relevant to are relevant for class certification. *See* Docket No. 83-2, at 5 ("these records would be very relevant in trying to determine what calls have been made at the behest of Credit One Financial"). It does not appear that the parties engaged in any meaningful discussion of how the denial of Defendant's motion to quash in the Eastern District of Pennsylvania may affect the pending motions in this Court. The parties, therefore, have not engaged in an adequate meet and confer for purposes of the motions. *See Federal Deposit Insurance Corp., v. 26 Flamingo, LLC*, 2013 WL 2558219, *2 (D. Nev. June 10, 2013) (finding that a meet and confer is not sufficient when new information becomes available

1  after the parties' conference).   Accordingly, the motion for a protective order (Docket No. 63)

2  and Plaintiff's motion to compel (Docket No. 88) are hereby **DENIED** without prejudice.

3      In light of the above, Defendant's motion to strike the notice of supplemental authority

4  (Docket No. 85) is hereby **DENIED** as moot.  The parties are **ORDERED** to meet and confer to

5  discuss their discovery disputes in light of the denial of Defendant's motion to quash in the

6  Eastern District of Pennsylvania.  During this meeting, counsel shall engage in a meaningful

7  discussion of the relative strengths and weaknesses their positions.  If they are unable to resolve

8  the dispute in its entirety, the parties may bring renewed discovery motions no later than July 10,

9  2015.  Any such motions will be briefed according to the following schedule: response due no

10  later than July 17, 2015, and reply due no later than July 22, 2015.

11  **III.**   **CONCLUSION**

12      IT IS SO ORDERED:

13       1.   Defendant's motion for a protective order (Docket No. 63) and Plaintiff's motion

14           to compel (Docket No. 88) are hereby **DENIED** without prejudice

15       2.   Defendant's motion to strike the notice of supplemental authority (Docket No. 85)

16           is hereby **DENIED** as moot.

17       3.   The parties are **ORDERED** to meet and confer to discuss their discovery disputes

18           in light of the denial of Defendant's motion to quash in the Eastern District of

19           Pennsylvania.

20       4.   If they are unable to resolve the dispute in its entirety, the parties may bring

21           renewed discovery motions no later than July 10, 2015.  Any such motions will

22           be briefed according to the following schedule: response due no later than July 17,

23           2015, and reply due no later than July 22, 2015.

24      DATED: June 25, 2015

25

26                               _____

27                               NANCY J. KOPPE
                             United States Magistrate Judge

28