Leonard H. Stone
Nevada Bar No. 5791
SHOOK & STONE, CHTD.
710 South Fourth Street
Las Vegas, Nevada 89101
Tel: (702) 385-2220

Adam J. Levitt (*pro hac vice*)
Diane Zilka (*pro hac vice*)
Kyle J. McGee (*pro hac vice*)
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 2350
Chicago, Illinois 60602
Tel: (312) 214-0000

*Attorneys for Plaintiff*
(additional counsel appear on signature block)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| William Bridge, individually and on behalf of all others similarly situated, | Civil Action No.: 2:14-cv-01512-LDG-NJK |
| Plaintiff, | Hon. Lloyd D. George |
| vs. | |
| Credit One Bank, N.A., | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| Defendant. | |

Plaintiff William Bridge ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class," as defined below), by his undersigned counsel, complains and alleges as follows based on personal knowledge as to himself and on information and belief as to all other matters against Defendant Credit One Bank, N.A. ("Defendant" or "Credit One"):

**INTRODUCTION**

1. Plaintiff, individually and on behalf of the other members of the proposed Class, brings this action against Credit One for Credit One's negligent and/or knowing and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), and for Credit One's violations of the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 41.600.

2. As more fully alleged below, Credit One negligently or knowingly and willfully placed a large volume of automated calls to Plaintiff's cellular telephone – as well as to the cellular telephones of the other Class members – in violation of the TCPA.

3. Through the TCPA, Congress recognized that auto-dialed and pre-recorded commercial telephone communications, including calls purportedly for the purpose of collecting debts, encroach significantly on individual privacy and impose unwarranted costs on individuals.

4. By subjecting Plaintiff and the other Class members to unauthorized, auto-dialed calls over a sustained period of time, Defendant has abused Plaintiff's and the other Class members' privacy rights and has violated the TCPA.

5. Credit One is a national bank, chartered by the Office of the Comptroller of the Currency, and specializes in the issuance of credit cards and the servicing of credit accounts.

6. As part of its credit card business, Credit One uses automated dialing systems to contact unsuspecting consumers – including Plaintiff and the other Class members – who have no relationship with Credit One, with automated calls.

7. Plaintiff believes that certain of Credit One's uniform practices and policies with respect to its automated dialing practice are responsible for tens of thousands, or more, violations of the TCPA by Credit One. As a result of the foregoing, Plaintiff, individually and on behalf of the other Class members, seeks to hold Credit One accountable for its rampant TCPA violations and seeks relief for himself and the other Class members for Credit One's TCPA violations caused by its wrongful conduct alleged below.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. All claims asserted herein arise under the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

9. Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), because at least one member of the Class is of diverse citizenship with respect to Defendant, there are

1  more than 100 members of the Class nationwide, and the aggregate amount in controversy
2  exceeds $5,000,000, exclusive of costs and interest.

3      10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because many of
4  the acts and omissions alleged herein occurred within this District. Defendant has its principal
5  place of business in this District.

## PARTIES

*Plaintiff*

    11.    William Bridge is a natural person and a resident of Webster, New York. Mr. Bridge is an individual person within the meaning of 47 U.S.C. § 153(39).

    12.    Mr. Bridge has never had a business relationship with Credit One and never consented to be contacted by Credit One on his cellular telephone or by any other means.

*Defendant*

    13.    Credit One is, and, at all times relevant to this action, was, a nationally chartered bank headquartered at 585 Pilot Road in Las Vegas, Nevada. Credit One is a subsidiary of Credit One Financial, a Nevada Domestic Corporation, which is a wholly owned subsidiary of Sherman Financial Group, LLC. Defendant services millions of cardholders across the United States.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA")

    14.    Automatic telephone dialing systems, or auto-dialers (or "ATDS"), are responsible for countless annoying, intrusive, and sometimes costly telephone calls transmitted each day to consumers who have never conducted business with the caller, no longer conduct business with the caller, or have not agreed to receive calls to particular telephone lines, including cellular telephone lines, from the caller. Depending on the frequency with which a consumer receives them, these calls can be minor inconveniences or substantial irritations, approaching harassment.

    15.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

16.     By enacting the TCPA, Congress recognized the violation of consumer privacy interests that occurs each time a caller uses an auto-dialer to contact a consumer with whom it has no existing business relationship, or from whom the caller has not secured adequate consent to transmit calls.  Periodically since 1991, the Federal Communications Commission ("FCC"), which is charged with developing regulations implementing the TCPA, has issued rules expanding the scope of consumer protections offered by the statute in order to reflect and counteract the increasing aggressiveness and persistence with which marketers, scam artists, collection agencies, and others have employed auto-dialing technologies.

17.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

18.     As of October 16, 2013, the TCPA requires callers using auto-dialers or artificial or prerecorded voice messages to obtain prior express *written* consent for commercial calls to cellular telephone lines, including SMS or text messaging calls.  Prior express written consent is also required, as of October 16, 2013, for calls made to residential telephone lines using an artificial or prerecorded voice message.

19.     Furthermore, as of October 16, 2013, the TCPA no longer exempts calls made to residential telephone lines belonging to consumers with an established business relationship with the caller.  The TCPA has never exempted such calls to cellular telephone lines.

20.     On June 18, 2015, the FCC voted in favor of expanding consumers' rights under the TCPA.  As of the date of this filing, the FCC's Declaratory Ruling and Order had not yet been published, but news releases indicate that that Order clarifies consumers' right to revoke any consent to receive auto-dialed calls they may have provided to persons using ATDS in the past using any reasonable means (*i.e.*, revocation of consent does not necessarily require a written submission from the call recipient), clarifies callers' obligation to stop placing calls to

wrong numbers "after one call," regardless of whether the caller made contact with any person on that one call, and clarifies that an ATDS is any technology with the capacity to dial random or sequential numbers, regardless of whether that capacity has been implemented.

21. Through the TCPA, Congress and the FCC have imposed a simple requirement upon persons making commercial telephone communications: call the telephone number *without auto-dialing equipment* and *without an artificial or prerecorded voice messages*, unless and until the consent of the call recipient to receive auto-dialed or artificial and prerecorded voice calls is secured.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

22. In or around January 2014, Credit One began placing calls to Plaintiff's cellular telephone number, 607-xxx-2345.

23. When answering Credit One's calls, Plaintiff heard either a period of silence before a live representative came on the line, or a prerecorded message asking him to "please hold to be connected."

24. Credit One initiated more than 100 such calls to Plaintiff's cellular telephone number between January 2014 and March 2014. Plaintiff answered a portion of these calls.

25. On at least one call from Credit One, an automatic or prerecorded voice message informed Plaintiff that the call was an "attempt to collect a debt."

26. On at least two such calls, Plaintiff instructed Credit One to stop calling his cellular telephone. On information and belief, and to the best of Plaintiff's recollection, Plaintiff instructed the Credit One representative that he had no relationship with Credit One, and instructed Credit One to stop calling his cellular telephone on or around March 18, 2014.

27. Based upon discovery to date, Plaintiff alleges that Credit One obtained Plaintiff's cellular telephone number through its use of ANI, or Automatic Number Identification, technology. This technology permits an inbound call center receiving calls from consumers, or companies utilizing IVR (interactive voice response) technology, to obtain the number from which a call is received, and update its records to add that number to a particular account.

28. On information and belief, Plaintiff alleges that Credit One was attempting to reach his mother, who has or at the time of the calls had a credit card account with Credit One.

29. Plaintiff's mother has never used Plaintiff's cellular telephone to place any call to Credit One or any affiliate of Credit One. Instead, Plaintiff's mother underwent heart surgery in January 2014, and Plaintiff, on his own initiative and for no purpose other than his own emotional well-being and peace of mind, contacted certain of his mother's creditors. Plaintiff's mother, who was hospitalized at the time, was not aware that Plaintiff did so, and provided Plaintiff with no instruction or consent to contact any third parties regarding her financial obligations.

30. Plaintiff contacted Credit One by telephone on or around January 18, 2014. On that call, Plaintiff advised Credit One's representative that he was placing the call in relation to his mother's account, and not any account held by him. Plaintiff did not, on that call or in any subsequent communication with Credit One, authorize Credit One to associate his cellular telephone number with his mother's account, or agree in any way to receive calls on his cellular telephone number regarding his mother's account. Indeed, Credit One's records reflect that it had at least two other telephone numbers at which it could reach Plaintiff's mother.

31. At no time did Plaintiff ever willingly provide his cellular telephone number to Credit One. Instead, Credit One obtained Plaintiff's telephone number using ANI technology, as alleged above, without Plaintiff's knowledge or consent.

32. At no time did Plaintiff ever enter into a business relationship with Credit One.

33. At no time did Plaintiff provide Credit One with consent, much less prior express written (or verbal) consent allowing Credit One to call his cellular telephone.

34. Credit One made calls to Plaintiff's cellular telephone from the following telephone numbers, among others: (646) 389-4994; (571) 261-0072; and (434) 533-9058.

35. In placing unlawful auto-dialed calls to Plaintiff's cellular telephone, Credit One acted on its own behalf or through an outbound calling agent. At least one such call was transmitted by NCO Financial Systems, Inc., which contracts with Credit One to place auto-

dialed calls on Credit One's behalf. The calls Credit One or its agents placed to Plaintiff's cellular telephone were made using an ATDS.

36. Credit One and its agents employ ATDS technologies that meet the definition set forth in 47 U.S.C. § 227(a)(1), and used their ATDS systems to make each of the aforementioned calls to Plaintiff on his cellular telephone.

37. The FCC has defined ATDS, under the TCPA, to include "predictive dialers." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008). The FCC's forthcoming Declaratory Ruling and Order, approved and adopted on June 18, 2015, further clarifies that an ATDS is any technology that has the capacity to dial random or sequential numbers, regardless of whether that capacity has been implemented.

38. Credit One's (and its agents') telephone systems used to contact Plaintiff have all the earmarks of a predictive dialer. When Credit One called Plaintiff, there was a period of silence and/or a prerecorded message before Credit One's telephone system would connect Plaintiff to a live representative.

39. Credit One's calls to Plaintiff's cellular telephone were not for "emergency purposes"; rather, they were debt collection calls concerning Plaintiff's mother's credit card account.

40. On information and belief, Plaintiff alleges that Credit One is knowledgeable concerning the TCPA's restrictions on auto-dialing and use of automated or prerecorded voice messages in calls made to cellular telephone lines.

41. In addition to the fact that the TCPA's restrictions are generally known to persons in Credit One's industry, Credit One has been sued for violations of the TCPA in the past.

42. Plaintiff alleges that Credit One called him as part of a debt collection practice concerning accounts unrelated to Plaintiff. Plaintiff alleges further that Credit One knew that the policies, procedures, and practices through which that debt collection practice was

conducted included the transmission of auto-dialed calls or calls using automated or prerecorded voice messages.

43. Plaintiff alleges that Credit One knew that its practices and/or calling campaigns included the transmission of such calls to cellular telephone lines.

44. Plaintiff further alleges that Credit One maintains records reflecting all calls placed using its ATDS technology and all calls placed on its behalf by its outbound calling vendors, including records reflecting the disposition of each such call. Among the dispositions Credit One's records capture are "wrong number" (*i.e.*, the call led to contact with a third party or person other than the accountholder) and "do not call" (*i.e.*, the call led to contact with a person that asked Credit One to stop calling). Credit One has the capacity to identify calls dispositioned as, *inter alia*, "wrong number" or "do not call."

## **CLASS ACTION ALLEGATIONS**

45. Plaintiff brings this case as a class action pursuant to the provisions of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, individually and on behalf of the proposed Class, defined as follows:

All persons and entities

(a) within the United States,

(b) to whom, at any time in the period that begins four years before this lawsuit was filed (September 17, 2014), to the date of trial, Defendant or its agent(s) transmitted at least two non-emergency telephone calls, including without limitation voice calls and short message service (SMS) calls,

(c) from any device capable of automated or predictive dialing or which used artificial or prerecorded voice messages,

(d) to his/her cellular telephone,

(e) where Defendant's records indicate at least one such call was a "wrong number" call, whether dispositioned as "wrong number" or as "do not call,"

(f) and the call recipient was not a current Credit One accountholder.

Excluded from the Class are Credit One, its parent company, subsidiaries, affiliates, and agents; all persons who make a timely election to be excluded from the Class; all claims for wrongful death, survivorship, and/or personal injury by Class members; governmental entities; and the judge to whom this case is assigned and his/her immediate family are excluded from the Class. Plaintiff reserves the right to revise the Class definition based on information learned through discovery.

46. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

47. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinders of all the members are impracticable. On information and belief, there are not less than tens of thousands of consumers who have been damaged by Credit One's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Credit One's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

48. **Commonality and Predominance – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3).** Numerous common questions of law and fact exist as to Plaintiff and the other Class members. Such questions common to the Class include, but are not limited to:

   a. Whether Credit One or its agent(s) made non-emergency calls to Plaintiff and other Class members' cellular telephones using an ATDS and/or an automated or prerecorded voice message;

   b. Whether Credit One can meet its burden of showing it obtained prior express consent to make each call;

   c. Whether Credit One's conduct, as alleged herein, constitutes violations of the TCPA;

      d.    Whether Credit One's conduct, as alleged herein, constitutes violations of the Nevada Deceptive Trade Practices Act;

      e.    Whether Credit One is liable for damages, and the amount of such damages; and

      f.    Whether Credit One should be enjoined from such conduct in the future.

49.   **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the claims of the other Class members because, among other things, all members of the Class were comparably injured through the uniform misconduct described above.

50.   **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).**  Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; Plaintiff has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

51.   **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**  Credit One has acted or refused to act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate final injunctive and declaratory relief, as described below.

52.   **Predominance – Federal Rule of Civil Procedure 23(b)(3).**  Credit One has engaged in a common course of conduct toward Plaintiff and the other Class members. The common issues arising from this conduct that affect Plaintiff and the other Class members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

53.   **Superiority – Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this action as a class action. The damages or other financial detriment suffered by Plaintiff and each of the other Class members are relatively small compared to the burden and expense that would be

required to individually litigate their claims against Credit One, so it would be impracticable for Class members to individually seek redress for Credit One's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**CLAIMS FOR RELIEF**

**COUNT I**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227,** *et seq.*

54. Plaintiff repeats and realleges Paragraphs 1-53 of this Complaint and incorporates them herein by reference.

55. Plaintiff brings this Count individually and on behalf of all other Class members.

56. Credit One negligently placed automated calls and/or calls employing automated or prerecorded voice messages to telephone numbers assigned to cellular telephones belonging to Plaintiff and each of the other Class members without their prior express consent.

57. Each of the aforementioned calls by Credit One constitutes a negligent violation of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits persons within the United States from making any call using any automated telephone dialing system or any automated or prerecorded voice message to any telephone number assigned to a cellular telephone without the prior express consent of the call recipient.

58. As a result of Credit One's negligent violations of the TCPA, Plaintiff and each of the other Class members is entitled to an award of $500.00 in statutory damages for each call made to them in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

59. Plaintiff, individually and on behalf of each of the other Class members, also seeks an award of attorneys' fees and costs of suit.

60. Additionally, Plaintiff individually and on behalf of the other Class members seeks injunctive relief prohibiting such conduct by Credit One in the future.

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq.*

61. Plaintiff repeats and realleges Paragraphs 1-53 of this Complaint and incorporates them herein by reference.

62. Plaintiff brings this Count individually and on behalf of all other Class members.

63. Credit One knowingly and/or willfully placed the automated calls and/or calls employing automated or prerecorded voice messages described herein, which resulted in Credit One contacting cellular telephones belonging to Plaintiff and the other Class members without their prior express consent.

64. Each of the aforementioned calls by Credit One constitutes a knowing and/or willful violation of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits persons within the United States from making any call using any automated telephone dialing system or any automated or prerecorded voice message to any telephone number assigned to a cellular telephone without the prior express consent of the call recipient.

65. As a result of Credit One's knowing and/or willful violations of the TCPA, Plaintiff and each of the other Class members is entitled to an award of $1,500.00 in statutory damages for each call made to them in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

66. Plaintiff, individually and on behalf of each of the other Class members, also seeks an award of attorneys' fees and costs of suit.

67. Additionally, Plaintiff individually and on behalf of the other Class members seeks injunctive relief prohibiting such conduct by Credit One in the future.

## COUNT III
## VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT
## NEV. REV. STAT. § 41.600

68. Plaintiff repeats and realleges Paragraphs 1-67 of this Complaint and incorporates them herein by reference.

69. Plaintiff brings this Count individually and on behalf of all other Class members.

70. Nevada law provides that, "A person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly … [v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services." Nev. Rev. Stat. § 598.0923(3).

71. The TCPA is a federal statute relating to the sale or lease of goods or services. As alleged herein, Defendant's violations of the TCPA were made in the course of its business or occupation.

72. Pursuant to the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 41.600, violations of Nev. Rev. Stat. § 598.0923 constitute "consumer fraud." Nev. Rev. Stat. § 41.600(2)(e).

73. As set forth above, by negligently, knowingly and/or willfully placing the automated calls and/or calls employing automated or prerecorded voice messages described herein, resulting in Credit One contacting cellular telephones belonging to Plaintiff and the other Class members without their prior express consent, Credit One violated the TCPA.

74. Each such violation is a separate and distinct violation of the Nevada Deceptive Trade Practices Act.

75. As a result, Plaintiff and the other members of the Class are entitled to, and do, seek equitable relief and costs and attorneys' fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and the Class the following relief against Defendant:

A. Certification of the proposed Class;

B.     Appointment of Plaintiff Bridge as Class Representative;

C.     Appointment of Grant & Eisenhofer P.A. as Class Counsel;

D.     A declaration that Defendant violated the TCPA;

E.     A declaration that Defendant violated the Nevada Deceptive Trade Practices Act;

F.     Injunctive relief prohibiting violations of the TCPA and Nevada Deceptive Trade Practices Act by Defendant in the future;

G.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

H.     Statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

I.     Pre- and post-judgment interest on any monetary award, as permitted by law;

J.     Leave to amend this Complaint to conform to evidence presented at trial;

K.     An award of attorneys' fees and costs of suit to counsel for Plaintiff and the Class; and

L.     Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 26, 2015

Respectfully submitted,

By /s/ Leonard Stone
**SHOOK & STONE, CHTD.**
Leonard Stone, Esq.
710 South Fourth Street
Las Vegas, Nevada  89101
Tel: (702) 385-2220
lstone@shookandstone.com

Adam J. Levitt (*pro hac vice*)
Diane Zilka (*pro hac vice*)
Kyle J. McGee (*pro hac vice*)
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 2350
Chicago, Illinois  60602
Tel: (312) 214-0000
alevitt@gelaw.com
dzilka@gelaw.com
kmcgee@gelaw.com

Stephen Taylor (*pro hac vice*)
**LEMBERG & ASSOCIATES**
1100 Summer Street, Third Floor
Stamford, Connecticut  06905
Tel: (203) 653-2250
staylor@lemberglaw.com

*Counsel for Plaintiff William Bridge and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2015, I caused the foregoing document and all accompanying documents to be filed on the Court's CM/ECF filing system, which notified all counsel of record of such filing.

Dated:  June 26, 2015

                                                By:  /s/ Leonard Stone
                                                    Leonard Stone