1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| WILLIAM BRIDGE, | ) | |
| Plaintiff(s), | ) | Case No. 2:14-cv-01512-LDG-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CREDIT ONE FINANCIAL, | ) | (Docket No. 72) |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

15   Pending before the Court is Defendant's motion for an order authorizing Time Warner Cable

16 to produce documents responsive to subpoena.  Docket No. 72.  Plaintiff filed a response and

17 Defendant filed a reply.  Docket Nos. 75, 81.  The Court finds this matter properly resolved without

18 oral argument.  *See* Local Rule 78-2.  For the reasons discussed below, Defendant's motion (Docket

19 No. 72) is hereby **GRANTED**.

20  **I.     BACKGROUND**

21   Plaintiff initiated this class action by filing a complaint against Defendant on September 17,

22 2014, alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 2277,

23 *et seq.* ("TCPA") by placing a large number of automated calls to Plaintiff's cellular telephone.

24 Docket No. 1, ¶¶ 1-2.  On June 26, 2015, Plaintiff filed an Amended Complaint, further alleging that

25 Defendant violated the Nevada Deceptive Trade Practices Act, NEV. REV. STAT. § 41.600.  Docket

26 No. 95, at ¶ 1.

27   In its Answer, Defendant asserts that it obtained prior express consent for the telephone

28 numbers at issue in this case.  Docket No. 11, at 3.  Specifically, Defendant contends that it obtained

1   consent from Plaintiff's mother, Nancy Bridge, to contact Ms. Bridge at the subject phone number.

2   Docket No. 72, at 2 (asserting Ms. Bridge gave express consent for Defendant "to contact her at any

3   phone number she provided to Credit One").

4         On March 3, 2015, Defendant issued a subpoena to non-party Time Warner Cable seeking,

5   for the three year period prior to the filing of the Complaint, all incoming and outgoing call records,

6   billing statements/records, and payment records for the subject phone number. *Id.*, at 11-16.  On

7   March 26, 2015, a representative from Time Warner Cable responded to the subpoena, stating that,

8   as a cable TV provider, it would need court authorization to disclose personally identifiable

9   information pursuant to the Cable Privacy Act, 47 U.S.C. § 551(c). *Id.*, at 18.  Thereafter, Defendant

10  filed the pending motion requesting the Court issue an order authorizing the disclosure of

11  information sought in the subpoena to Time Warner Cable.

12  **II.    ANALYSIS**

13        Rule 26[1] provides for the discovery of relevant, non-privileged information that "appears

14  reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

15  Relevance under Rule 26(b)(1) is liberally construed, and is considerably broader than relevance for

16  trial purposes. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351,(1978) (citation omitted); *U.S.*

17  *E.E.O .C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 431-32 (D. Nev. 2006).  For discovery

18  purposes, relevance includes matters that bear on, or that reasonably could lead to other matters that

19  bear on, any issue that is or may be in the case. *Oppenheimer Fund*, 437 U.S. at 351.

20        Pursuant to the Cable Privacy Act, a cable operator may disclose personally identifiable

21  information concerning a subscriber if the disclosure is "made pursuant to a court order authorizing

22  such disclosure, if the subscriber is notified of such order by the person to whom the order is

23  directed." 47 U.S.C. § 551(c)(2)(B).  Defendant seeks such an order from the Court authorizing the

24  release of subscriber and call record information from non-party Time Warner Cable.

25        Plaintiff opposes Defendant's motion, arguing that the documents sought in the subpoena are

26  not relevant.  Docket No. 75.  Plaintiff asserts that the subject phone number belongs to Plaintiff's

27

28        [1]  Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

1   mother, Nancy Bridge, which is the target of Defendant's request for leave to file a third-party

2   complaint. *Id.*, at 3; Docket No. 30 (motion for leave to file third-party complaint).

3         In reply, Defendant argues that Ms. Bridge authorized Defendant "to call Plaintiff's phone

4   number when she attached the number to her account, at least in part because of the familial,

5   financial, and other relationship between Plaintiff and Ms. Bridge." Docket No. 81, at 3.

6   Additionally, Defendant argues that the information sought in the subpoena is "directly relevant

7   material and material likely to lead to the discovery of admissible evidence." *Id.*, at 3.

8         The Court finds that the release of subscriber information from non-party Time Warner Cable

9   is central to establishing Credit One's defenses in this case. Prior consent is an affirmative defense

10   to calls otherwise made in violation of the Telephone Consumer Protection Act. *See* 47 U.S.C.

11   § 227(b)(1)(A). Defendant bears the burden of proof in establishing that the subscriber provided

12   prior consent. *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 n. 1 (9th Cir. 2011).

13   Therefore, the incoming and outgoing call records, billing statements/records, and payment records

14   for the subject phone number associated with Ms. Bridge's account are relevant to addressing the

15   issue of whether Defendant received prior consent from Ms. Bridge to contact the subject phone

16   number. Accordingly, the Court hereby **GRANTS** Defendant's motion for an order authorizing

17   Time Warner Cable to produce documents responsive to subpoena (Docket No. 72).

18   **III.**    **CONCLUSION**

19         For the reasons discussed above, Defendant's motion for an order authorizing Time Warner

20   Cable to produce documents responsive to subpoena (Docket No. 72) is hereby **GRANTED**. To

21   ensure compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 2277, Time Warner

22   Cable shall serve a copy of the subpoena and a copy of this order to its subscriber prior to producing

23   documents responsive to the subpoena.

24         IT IS SO ORDERED.

25         DATED: June 30, 2015

26

27                                _____

28                                NANCY J. KOPPE
                             United States Magistrate Judge