JOINTLY SUBMITTED

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| William Bridge, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> Credit One Financial, a Nevada Corporation d/b/a Credit One Bank, N.A., <br><br> Defendant. | Case No.: 2:14-cv-01512-LDG-NJK <br><br> **STIPULATION AND [PROPOSED] ORDER AMENDING SCHEDULING ORDER** <br><br> **(Fourth Request)** |

The parties to the above-captioned action respectfully submit the following joint Stipulation and Proposed Order for the Court's consideration and approval:

WHEREAS, on December 30, 2014, the Court entered the Joint Discovery Plan and Scheduling Order (Dkt. No. 24) ("Scheduling Order") establishing, among other things, a deadline for completion of discovery in the class certification phase of litigation;

WHEREAS, on February 24, 2015, the Court entered an Order Amending Scheduling Order (Dkt. No. 47) ("Amended Scheduling Order") establishing, among other things, a deadline of June 22, 2015 for opening Rule 26(a)(2) expert disclosures pertaining to the class certification phase of litigation, a deadline of July 24, 2015 for rebuttal Rule 26(a)(2) expert disclosures pertaining to the class certification phase of litigation, a deadline of July 24, 2015 for completion of discovery in the class certification phase of litigation, and a deadline of August 21, 2015 for filing of any class certification motion;

WHEREAS, on June 2, 2015, the Court entered an Order Extending Time to Provide Class Certification Expert Disclosures (Dkt. No. 84), continuing to July 13, 2015 the deadline for opening Rule 26(a)(2) expert disclosures, and to August 14, 2015 the deadline for rebuttal Rule 26(a)(2) expert disclosures pertaining to the class certification phase of litigation;

1

WHEREAS, on June 23, 2015, the Court entered an Order Extending Time To Provide Class Certification Expert Disclosures (Dkt. No. 91), continuing to August 24, 2015 the deadline for completion of discovery in the class certification phase of litigation, to August 3, 2015 the deadline for opening Rule 26(a)(2) expert disclosures pertaining to the class certification phase of litigation, to September 4, 2015 the deadline for rebuttal Rule 26(a)(2) expert disclosures pertaining to the class certification phase of litigation, and to September 21, 2015 the deadline for filing any class certification motion;

WHEREAS, on July 15, 2015, the Court entered an Order Granting Motion to Extend Time to Provide Class Certification Expert Disclosures (Dkt. No. 103), continuing to August 24, 2015 the deadline for opening Rule 26(a)(2) expert disclosures pertaining to the class certification phase of litigation, to September 25, 2015 the deadline for rebuttal Rule 26(a)(2) expert disclosures pertaining to the class certification phase of litigation, and to October 12, 2015 the deadline for filing any class certification motion;

WHEREAS, to date, the parties have engaged in the following discovery:  (a) the parties have served Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) and Defendant has served seven supplemental Initial Disclosures; (b) Plaintiff has served Responses and Objections to Defendant's First Set of Requests for Production of Documents and Defendant's First Set of Interrogatories; (c) Plaintiff has produced approximately 250 pages of material in response to Defendant's First Set of Requests for Production of Documents; (d) Defendant has served Responses and Objections to Plaintiff's First Set of Requests for Production of Documents; (e) Defendant has served Responses and Objections to Plaintiff's Second Set of Requests for Production of Documents; (f) Defendant has served Responses and Objections to Plaintiff's First Set of Interrogatories; (g) Defendant has served Responses and Objections to Plaintiff's First Set of Requests for Admission; (h) Defendant has produced approximately 1100 pages of material in response to Plaintiff's First and Second Sets of Requests for Production of Documents; (i) Plaintiff has served upon Defendant a Third Set of Requests for Production of Documents; (j) Plaintiff has deposed Defendant's Fed. R. Civ. P. 30(b)(6) designee on March 23, 2015, as well as an employee noticed individually on May 20, 2015, and a second individually-noticed employee on June 30, 2015; (k) Defendant has deposed

Plaintiff on July 1, 2015; (l) Plaintiff served a Fed. R. Civ. P. 45 subpoena on non-party NCO Financial Systems, Inc. ("NCOFS") on March 12, 2015, in response to which Defendant moved to quash in the Eastern District of Pennsylvania (*Bridge v. Credit One Financial*, C.A. No. 15-mc-125)) on April 28, 2015, and which was resolved by that Court on May 19, 2015; (m) Plaintiff and non-party NCOFS are finalizing negotiations concerning the terms of NCOFS's production of documents in response to the subpoena; (n) Defendant served Notices of Subpoena for Documents and Deposition Testimony to the Custodian of Records for Cellco Partnership dba Verizon Wireless on February 5, 2015, March 3, 2015, and May 7, 2015; and (o) on July 9, 2015, Plaintiff served subpoenas on seven outbound calling vendors with which Defendant has contracted, several of which have interposed objections;

WHEREAS, the discovery that remains to be completed during class discovery includes: document production or objections by Defendant in response to Plaintiff's Third Sets of Requests for Production of Documents; deposition testimony of potential additional employees of Defendant; potential supplemental responses to Plaintiff's First Set of Interrogatories; document production by Defendant pursuant to the parties' agreement resolving their disputes concerning Requests 1(A)-(N) and 2 of Plaintiff's First Set of Requests for Production of Documents; and document production or objections by non-parties subpoenaed by either Plaintiff or Defendant;

WHEREAS, as of July 24, 2015, the parties have, as indicated in the preceding paragraph, successfully resolved in principle their disputes concerning Requests 1(A)-(N) and 2 of Plaintiff's First Set of Requests for Production of Documents;

WHEREAS, Defendant has not yet provided a firm date by which it anticipates it can commence production of the documents it agreed to produce in order to resolve the parties' disputes concerning Requests 1(A)-(N) and 2 of Plaintiff's First Set of Requests for Production of Documents, nor a firm date by which it anticipates it can complete production of such documents, and continues to investigate the amount of time needed to produce such documents;

WHEREAS, Plaintiff raised deficiencies in Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories concerning Interrogatories 1-4, and has requested a meet and confer call relating thereto;

1   WHEREAS, although the parties will cooperate in good faith to resolve said deficiencies, motion practice may become inevitable concerning Defendant's Responses and Objections to Plaintiff's Interrogatories 1-4;

    WHEREAS, Plaintiff believes the documents to be produced by Defendant pursuant to the parties' agreement resolving the disputes concerning Request Nos. 1(A)-(N) and 2 of Plaintiff's First Set of Requests for Production of Documents, and the information Plaintiff seeks in response to Plaintiff's Interrogatories 1-4, are important to Plaintiff's initial Rule 26(a)(2) expert disclosures and his motion for class certification;

    WHEREAS, the parties agree that any continuance of the deadline for initial Rule 26(a)(2) expert disclosures should be accompanied by a similar continuance of the deadline for rebuttal Rule 26(a)(2) expert disclosures;

    WHEREAS, the parties agree that any continuance of the deadline for completion of class certification discovery should be accompanied by a similar continuance of the deadline for filing any class certification motion;

    WHEREAS, pursuant to section I.3 of the Scheduling Order, the parties filed, on February 19, 2015, a Joint Interim Status Report advising the Court of the parties' agreement concerning proposed modifications to the Scheduling Order;

    NOW, THEREFORE, the parties, by their respective undersigned counsel, and subject to this Court's approval, agree and stipulate as follows:

    1. The deadline for completion of class certification discovery shall be continued to October 19, 2015;

    2. The deadline for initial Rule 26(a)(2) expert disclosures pertaining to the class certification phase of litigation shall be continued to September 21, 2015;

    3. The deadline for rebuttal Rule 26(a)(2) expert disclosures pertaining to the class certification phase of litigation shall be continued to October 19, 2015;

    4. The deadline for filing any class certification motion shall be continued to November 16, 2015.

DATED: August 3, 2015

**IT IS SO STIPULATED**:

| SHOOK & STONE, CHTD. | GRANT & EISENHOFER P.A. |
|---|---|
| /s/ Leonard H. Stone | /s/ Adam J. Levitt |
| LEONARD H. STONE (NV Bar No. 5791) | ADAM J. LEVITT (admitted pro hac vice) |
| MICHAEL P. O'ROURKE (NV Bar No. 6764) | KYLE J. McGEE (admitted pro hac vice) |
| 7109 S. Fourth Street | 30 N. LaSalle Street, Suite 2350 |
| Las Vegas, NV  89101 | Chicago, IL  60602 |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

HOLLAND & HART LLP

/s/ Brian G. Anderson
PATRICK J. REILLY (NV Bar No. 6103)
BRIAN G. ANDERSON (NV Bar No. 10500)
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV  89134

*Attorneys for Defendant*

**IT IS SO ORDERED**:

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

DATED:  August 4, 2015