1

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM BRIDGE, individually and on behalf
of all others similarly situated,

     Plaintiff,

v.

CREDIT ONE FINANCIAL, a Nevada
corporation, d/b/a CREDIT ONE BANK, N.A.,

     Defendant.

2:14-cv-1512-LDG-NJK

ORDER

14        Plaintiff has filed a motion to strike the defendant's affirmative defenses (#13, opposition

15  #14, reply #15).  Plaintiff maintains that the heightened pleading standards of <u>Bell Atlantic Corp.</u>

16  <u>v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), govern the

17  pleading of affirmative defenses, as well as allegations in the complaint.  Defendant argues that

18  Rule 12(f) motions should be governed by <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  While a number

19  of district courts have weighed in on whether Twombly/Iqbal applies to the pleading of affirmative

20  defenses under Rule 8( c), there is no established precedent guiding the court.  While taking no

21  position as to the application of <u>Twombly/Iqbal</u> to Rule 12(f) motions based on Rule 8(a), the

22  court agrees with <u>FTC v. AMG Services, Inc.</u>, No. 2:12-cv-536-GMN-VCF, 2014 WL 5454170

23  (D. Nev. 2014), that because Rule 8( c) imposes no "short and plain" standard, admissions under

24  that rule fall into a different category than do statements of grounds for jurisdiction and claims

25  under 8(a).  Thus, the heightened pleading standard of <u>Twombly/Iqbal</u> will not be applied to

26  defendant's affirmative defenses.

1   Plaintiff also argues that many of the affirmative defenses asserted by defendant are not

2  affirmative defenses at all, but rather a recitation of the grounds of defendant's case.  While that

3  may be so, the court will not order that such defenses be stricken at this time as their presence

4  would not unduly expand the scope of the case.  Rather, those defenses shall await any relevance

5  determinations conducted by the magistrate judge during discovery or by this court subsequently.

6   Defendant has filed a motion for leave to file a third-party complaint naming Nancy Bridge

7  as a third-party defendant (#30, opposition #45, reply #53).  The court, based on the arguments

8  presented, will grant defendant leave to file the third-party complaint.  The tactics of a party in

9  moving to file the complaint should be of no matter in this Rule 14 analysis.  Most, if not all, of

10  the claims in the third-party complaint are anticipated to be issues in the trial of the original

11  complaint.  The third-party practice will not unduly delay the trial, or pose a burden for the court.

12  Nor is the motion for leave untimely; the motion was filed before the close of discovery, and the

13  court finds insufficient prejudice.

14   While the court will grant the motion for leave to file the third-party complaint, it will

15  reserve questions regarding jurisdiction and sufficiency of claims for Rule 12 motions.

16  Accordingly,

17   THE COURT HEREBY ORDERS that plaintiff's motion to strike the defendant's

18  affirmative defenses (#13) is DENIED.

19   THE COURT FURTHER ORDERS that defendant's motion to file a third-party complaint

20  (#30) is GRANTED.

21   THE COURT FURTHER ORDERS that plaintiff's motion to seal (#118) is GRANTED.

22  DATED this ___ day of September, 2015.

24  Lloyd D. George
United States District Judge

2