# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM BRIDGE, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:14-cv-01512-LDG-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| CREDIT ONE FINANCIAL, ) | (Docket No. 169) |
| ) | |
| Defendant(s). ) | |
| ) | |

Pending before the Court is Defendant's Motion for Leave to File Documents Under Seal. Docket No. 169. Defendant seeks leave to file under seal various exhibits to declarations in support of Defendant's Response to Plaintiff's Motion for Class Certification. *Id.* at 1; *see also* Docket Nos. 174, 175, 176.

A. Huntington Declaration Exhibit A

Defendant represents that it filed this exhibit under seal because Plaintiff has designated it confidential under the Court's blanket protective order at Docket No. 64. *See* Docket No. 169 at 3. The blanket protective order does not constitute good cause for the sealing of documents. Docket No. 65 at 1. Further, pursuant to the procedures outlined at Docket No. 65, Defendant is required to notify Plaintiff at least seven days prior to filing this exhibit and, should Plaintiff believe good cause exists to file the above-referenced document under seal, he is required to provide a declaration in support of the motion to seal for Defendant to file. *Id.* at 2-3.

//

### B. Vanderbeek Declaration Exhibits A-C

Defendant represents that these documents were "created specifically for this litigation and contain information which is of no interest to the public except for potential use for improper purposes . . ." Docket No. 194 at 4. Defendant has failed, however, to submit a declaration in support of its motion to seal these documents that addresses the proper standards. *See* Docket No. 65 at 2.

### C. Redactions to Response

Defendant has, additionally, failed to address appropriate standards regarding its proposed redactions to its Response to Plaintiff's Motion for Class Certification. *See* Docket No. 169.

### D. Conclusion

While Defendant did not follow the procedures set forth by the Court, the Court gives Defendant one last opportunity to comply with the Court's order. The subject documents will remain sealed for the timing being. Accordingly, it is hereby **ORDERED** that:

1. Defendant's Motion for Leave to File Under Seal, Docket No. 169, is **DENIED** without prejudice.
2. Defendant shall confer with Plaintiff, no later than April 8, 2016, regarding the confidentiality designation of Exhibit A to the Huntington Declaration.
3. No later than April 15, 2016, Defendant must file its motion to seal with the appropriate declarations, which must address the proper standards. To the extent the parties do not believe that sealing is necessary, Defendant shall file the response and its exhibits on the public docket, no later than April 15, 2016.
4. The documents at Docket Nos. 174, 175, and 176 shall remain under seal pending further order of the Court.

DATED: April 5, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

- 2 -