**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| WILLIAM BRIDGE, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:14-cv-01512-LDG-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CREDIT ONE BANK, N.A., | ) | (Docket No. 184) |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is Defendant's Renewed Motion for Leave to File Documents Under Seal. Docket No. 184. The Court previously denied Defendant's motion because it failed to comply with the Court's sealing procedures and address controlling authorities. Docket No. 180. Defendant has now complied, filing a supplement to its motion to seal, which the Court construes as a Renewed Motion for Leave to File Documents under Seal. Docket No. 184.

**I.  STANDARD**

The Ninth Circuit has held that there is a presumption of public access to judicial files and records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *Kamakana*, 447 F.3d at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).

//

//

1    Defendant seeks leave to file under seal an unredacted version of its Response to Plaintiff's
2 Motion for Class Certification as well various exhibits to declarations in support of that filing.
3 Docket No. 184 at 2-3; *see also* Docket Nos. 174, 175, 176. Accordingly, for each document, a
4 particularized showing of good cause is required to overcome the presumption of public access to
5 judicial files and records. *Kamakana*, 447 F.3d at 1180.

6 **II.    DISCUSSION**

7    A. Huntington Declaration Exhibit A

8    This document is Plaintiff's "Class Action Retainer Agreement[.]" Docket No. 184 at 16.
9 Plaintiff has designated it confidential under the Court's blanket protective order at Docket No. 64.
10 *Id.* at 15. Pursuant to the procedures outlined at Docket No. 65, Plaintiff has provided a declaration
11 in support of the motion to seal for Defendant to file. *Id*. at 15-17.

12    Plaintiff "does not object to having a redacted verison of the [document] in the public record
13 that reveals paragraph 2.A. through 2.D., which is the portion of the document that [Defendant]
14 actually cites." *Id*. at 16-17. Plaintiff contends the unsealing of the remainder of the retainer would
15 reveal his counsel's proprietary business practices and expose him to competitive disadvantage. *Id*.
16 at 16.

17    Here, Plaintiff's proprietary business information can be easily redacted while leaving all
18 meaningful information available to the public. *Foltz*, 331 F.3d at 1137. Accordingly, a redacted
19 version of Exhibit A to the Huntington Declaration shall be filed on the public docket, no later than
20 April 22, 2016. *See, e.g., In re Electronic Arts, Inc*., 298 Fed. Appx. 568, 569 (9th Cir. 2008)
21 (holding that proprietary contract terms constituted a trade secret under *Kamakana*).

22    B. Vanderbeek Declaration Exhibits A-C

23    These documents are lists of information relating to non-party cardholders, who are
24 "potentially in collections." Docket No. 184 at 2. They contain these cardholder's phone numbers,
25 Exhibit A, debt-collection call information, Exhibit B, and the result of various debt collection calls,
26 Exhibit C. *Id*. at 5.

27    Where filings contain private personal information, good cause for secrecy exists. *Minshew*

28

*v. Donley*, 911 F. Supp. 2d 1043, 1074 (D. Nev. 2012).  Further, where filings might become a vehicle for the release of trade secrets, sealing of records is justified.  *Kamakana*, 447 F.3d at 1179.  Accordingly, because these records contain non-parties' financial information and reveal Defendant's proprietary collection methods, good cause exists to seal these records.

### C. Redactions to Response

Defendant, additionally, requests leave to file a redacted version of its Response to Plaintiff's Motion for Class Certification on the public docket and unredacted version under seal.  Docket No. 184 at 3.  These redactions relate to Plaintiff counsel's fee information.  Because Plaintiff does not object to this information being filed on the public docket, Defendant's motion to seal its Response is **DENIED**.  Docket No. 184 at 16-17 (disclaiming any desire to seal information that Defendant cites).

### D. Conclusion

Accordingly, it is hereby **ORDERED** that:

1. Defendant's Motion for Leave to File Under Seal, Docket No. 184, is **GRANTED** in part and **DENIED** in part.
2. Consistent with the foregoing analysis, a redacted version of Exhibit A to the Huntington Declaration shall be filed on the public docket, no later than April 22, 2016.
3. The Clerk of Court is **ORDERED** to **UNSEAL** the document at Docket No. 174 and maintain the document at Docket No. 176 under **SEAL**.

DATED: April 18, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge